1

2

3

4

5

6

7          UNITED STATES DISTRICT COURT

8          DISTRICT OF NEVADA

9          * * *

10

| 11 | UNITED STATES OF AMERICA, | Case No. 2:13-cr-00185-MMD-VCF |
|----|---------------------------|--------------------------------|
| 12 | Plaintiff, | ORDER REGARDING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE CAM FERENBACH |
| 13 | v. | |
| 14 | ROBERT BARROW, Defendants. | |

15

16

17    **I.    SUMMARY**

18          Before the Court is the Report and Recommendation of United States Magistrate

19    Judge Cam Ferenbach (dkt. no. 155) ("R&R") relating to Defendant Robert Barrow's

20    ("Barrow") Motion to Suppress (dkt. no. 140). The Court has reviewed Barrow's objection

21    (dkt. no. 156) and the government's response (dkt. no. 158). For the reasons below, the

22    Court adopts the R&R.

23    **II.    BACKGROUND**

24          Barrow faces ten criminal counts stemming from several robberies which took

25    place in February, March, and April of 2013. (Dkt. no 111.)  On August 6, 2015, Barrow

26    filed a motion to suppress and requested a *Franks* hearing, arguing that Las Vegas

27    Metropolitan Police Department ("LVMPD") officers unconstitutionally detained,

28    searched, and interrogated Barrows, and then submitted a misleading affidavit in support

of a search warrant for his car. (Dkt. no. 140 at 2.) Magistrate Judge Ferenbach denied the motion in its entirety. (Dkt. no. 155.)

Barrow objects to Judge Ferenbach's recommendation to deny a *Franks* hearing to challenge the search warrant issued for Barrow's car. (Dkt. no. 156 at 1.) He argues that Judge Ferenbach erred in finding the affidavit in support of the warrant was sufficient even when several alleged omissions were considered. The Court disagrees and adopts Judge Ferenbach's R&R.

## III.    LEGAL STANDARD

Magistrate judges have authority to review and file findings and recommendations on matters referred by the district court, including motions to suppress evidence in a criminal case. LR IB 1-4(h). This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). The Court thus accepts the portions of the R&R to which Barrow does not object and conducts a *de novo* review of the portion of the R&R to which Barrow objects—the Magistrate Judge's recommendation to deny a *Franks* hearing.

In *Franks v. Delaware*, 438 U.S 154 (1978), the Supreme Court established a two-prong test for overturning a judicial officer's probable cause finding. First, the there is a "presumption of validity with respect to the affidavit supporting the search warrant." *Id.* at 171. Second, a defendant is entitled to an evidentiary hearing on the validity of the affidavit only if he can make a "substantial showing" that: (1) the affidavit contains intentionally or recklessly false statements or misleading omissions and (2) the affidavit cannot support a finding of probable cause without the false information or with the misleading omissions. *Id.* at 155–56.

The Ninth Circuit has articulated five requirements that a defendant must satisfy to warrant a *Franks* hearing: (1) the defendant must allege specifically which portions of

2

the warrant affidavit are claimed to be false; (2) the defendant must contend that the false statements or omissions were deliberately or recklessly made; (3) a detailed offer of proof, including affidavits, must accompany the allegations; (4) the veracity of only the affiant must be challenged; (5) the challenged statements must be necessary to find probable cause. *United States v. Perdomo*, 800 F.2d 916, 920 (9th Cir. 1986) (citing *United States v. Dicesare*, 765 F.2d 890, 895 (9th Cir. 1985)). In other words, a defendant must show that the affidavit could not support a finding of probable cause even if it were purged of its falsities and supplemented by the omissions. *See United States v. Stanert*, 762 F.2d 775, 778 (9th Cir. 1985) (citing *Franks,* 438 U.S at 171-72).

A judge's probable cause determination is accorded "significant deference," *United States v. Gil*, 58 F.3d 1414, 1418 (9th Cir. 1995), and will be overturned only if it is "clearly erroneous." *Stanert*, 762 F.2d at 778. In making this determination, the court is "limited to the information and circumstances contained within the four corners of the underlying affidavit." *Id.* The duty of a reviewing court is to ensure that the magistrate judge had a "substantial basis" for concluding that probable cause existed. *Illinois v. Gates*, 462 U.S. 213, 238 (1983) (internal quotations omitted).

**IV.    DISCUSSION**

In support of his request for a *Franks* hearing, Barrow identifies eleven facts that were omitted form LVMPD's application and affidavit for a search warrant. (Dkt. no. 140 at 17-18.) The facts range from a negative eyewitness identification, to details about Barrow's first contact with police, to allegations about what police officers knew and when. (*Id.*) Judge Ferenbach characterized these omissions as "conjectural, irrelevant, or legal conclusions." (Dkt. no. 155 at 7.) He then concluded that probable cause for a search of Barrow's vehicle existed even when these omissions were considered. (*Id.*)

The application and affidavit for a search warrant contain facts that support a probable cause finding even taking all of Barrow's alleged omissions into account. For example, as Judge Ferenbach notes in the R&R, Barrow asked a friend to remove a jacket and backpack from the vehicle in question during a recorded phone call while he

1    was in custody. (Dkt. no 140-8 at 25.) In a later phone call, Barrow expressed

2    displeasure that the police had impounded his vehicle before his friend could retrieve the

3    items. (*Id.* at 26.) These statements clearly tie the vehicle to Barrow, who at the time he

4    made the calls had been arrested and charged with robbery. (*Id.* at 24.) The alleged

5    omissions and misleading statements that Barrow relies upon do nothing to undermine

6    these facts, and therefore he has not satisfied the second *Franks* factor — showing that

7    the affidavit cannot support a finding of probable cause without the false information or

8    with the misleading omissions. The Court thus agrees with the Magistrate Judge's

9    finding.

10   **V.      CONCLUSION**

11         It is therefore ordered, adjudged and decreed that the Report and

12   Recommendation of Magistrate Judge Cam Ferenbach (dkt. no. 155) be accepted and

13   adopted in full. Defendant's Motion to Suppress and *Franks* Hearing Request (dkt. no.

14   140) is denied.

15         DATED THIS 8th day of December 2015.

16

17

18                                        MIRANDA M. DU
                                          UNITED STATES DISTRICT JUDGE
19

20

21

22

23

24

25

26

27

28