**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>vs.<br><br>ROBERT C. BARROWS,<br><br>            Defendant. | Case No. 2:13–cr–185–MMD–VCF<br><br>**REPORT & RECOMMENDATION**<br><br>MOTION TO DISMISS (ECF NO. 182) |

This matter involves the United States of America's prosecution of Defendant Robert C. Barrows. Before the court are Barrows's motion to dismiss (ECF No. 182), the Government's response (ECF No. 183), and the Barrows's reply (ECF No. 189). For the reasons stated below, Barrows's motion to dismiss should be denied.

**I. Background**

An individual who uses or carries a firearm during or in relation to a crime of violence may be charged with a felony. 18 U.S.C. § 924(c)(1)(A). The same code section also defines a "crime of violence" as a felony that either:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (the force clause)
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense (the elements clause)

18 U.S.C. § 924(c)(3)(A)-(B).

The Government has indicted Barrows on four counts of robbery in violation of the Hobbs Act. (ECF No. 113) The Government also alleges that Barrows used a firearm during these robberies.

Accordingly, it has also indicted Barrows four counts of use of a firearm during and in relation to a crime of violence. (*Id.*)

Barrows now argues that Hobbs Act robbery is not a crime of violence and that the four counts firearms counts should be dismissed.

In its response, the Government voluntarily requested that count 2 of Barrows's third superseding indictment be dismissed. (ECF No. 183)  Barrows's does not oppose the Government's request. (ECF No. 189).  This court therefore recommends that the Government's request to dismiss count 2 be granted.

## II. Discussion

1.   <u>Hobbs Act Robbery is a Crime of Violence Under § 924(c)(1)(A)</u>

The Hobbs Act defines "robbery" as:

> the unlawful taking of obtaining of personal property from the person or in the presence of another, against his will, by means of actual of threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining

18 U.S.C. § 1951(e).

Hobbs Act robbery is a crime of violence under the force clause of § 924(c). "Robbery indisputably qualifies as a crime of violence." *United States v. Mendez*, 992 F.2d 1488, 1491 (9th Cir. 1993); *see also United States v. Selfa*, 918 F.2d 749, 751 (9th Cir. 1990).

In *Selfa*, the defendant pled guilty to one count of bank robbery.  *Id.*  The district court imposed a sentencing enhancement based the defendant's two prior bank robberies.  *Id.*  On appeal, the defendant argued that since his prior bank robberies could have been committed "by force and violence *or* intimidation" his prior bank robbery convictions were not "crimes of violence" for the purposes of his sentencing enhancement.  *Id.* (emphasis added).  The Ninth Circuit concluded that since "intimidation"

would be accomplished by placing "an ordinary, reasonable person in fear of bodily harm," the defendant's prior bank robbery convictions were "crimes of violence." *Id.*

The Ninth Circuit recently applied *Selfa's* rationale to the Hobbs Act and concluded that Hobbs Act robbery was a crime of violence under § 924(c)'s force clause. *United States v. Howard*, Case No. 15-10042, 2016 WL 2961978 at* 1 (9th Cir. May 23, 2016). This court therefore holds that Hobbs Act robbery is a crime of violence under § 924(c)'s force clause.

2.  § 924(c)(3)(B) is Not Unconstitutionally Vague

The elements clause defines a crime of violence as a felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of the committing of the offense." 18 U.S.C. § 924(c)(3)(B). In *Johnson v. United States*, the Supreme Court expressly addressed and rejected Barrows's argument that the substantial risk standard is unconstitutionally vague. 135 S.Ct. 2551, 2556, 192 L.Ed.2d. 569 (2015).

In *Johnson*, the defendant pled guilty to one count of being a felon in possession of a firearm. *Id.* The district court imposed a sentencing enhancement under the Armed Career Criminal Act (ACCA) because the defendant had three prior "violent felonies." *Id.* The residual clause of the ACCA defined a violent felony as "any crime punishable by imprisonment for a term exceeding one year … that …. is burglary, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B).

On appeal, the defendant challenged his sentencing enhancement and argued that one of his prior felonies, possession of a short-barreled shotgun, was not a violent felony under the residual clause. *Johnson*, 135 S.Ct. at 2556. After concluding that the ACCA's residual clause was unconstitutionally vague, the Court addressed similar federal statutes that used the phrase "substantial risk" to define a category of crimes. *Id.* at 2561. In none of these statutes was "substantial risk" preceded by a confusing

list of exemplar crimes.  *Id.*  The court concluded that the term "substantial risk" presented a constitutionally tolerable qualitative standard.  *Id.* ("we do not doubt the constitutionality of laws that call for the application of a qualitative standard such as "substantial risk" to real-world conduct")

ACCORDINGLY, and for good cause shown,

IT IS HEREBY RECOMMENDED that Barrows's motion to dismiss (ECF No. 182) be DENIED.

IT IS ALSO RECOMMENDED that the Government's request to dismiss count 2 (ECF No. 183) be GRANTED.  Count 2 of the third superseding indictment (ECF No. 113), use of a firearm during and in relation to a crime of violence should be DISMISSED.

IT IS SO RECOMMENDED.

DATED this 10th day of June, 2016.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE