1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

10

| UNITED STATES OF AMERICA, | Case No. 2:13-cr-00185-MMD-VCF |
|---|---|
| Plaintiff, | ORDER REGARDING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE CAM FERENBACH (ECF No. 191) |
| v. | |
| ROBERT BARROWS, | |
| Defendants. | |

## I.    SUMMARY

Before the Court is the Report and Recommendation of United States Magistrate Judge Cam Ferenbach (ECF No. 191) ("R&R") relating to Defendant Robert Barrows' ("Barrows") Motion to Dismiss Counts Two, Four, Six, Eight and Ten of the Third Superseding Indictment ("Motion") (ECF No. 182). The Court has reviewed the briefs relating to the Motion (ECF Nos. 182, 183, 189), Barrows' objection (ECF No. 193) and the government's response (ECF No. 194). The government does not oppose dismissal of Count Two and indicates that it plans to seek a Fourth Superseding Indictment to remove Count Two. (ECF No. 183 at 4.) For the reasons discussed below, the R&R is accepted and adopted in part, and the Motion is denied.

## II.    BACKGROUND

Barrows faces ten criminal counts stemming from several alleged robberies which took place in February, March, and April of 2013. (ECF No. 111.) All of the counts are

based on either 18 U.S.C. § 1951,[1] which criminalizes robbery and attempted robbery interfering with commerce, or 18 U.S.C. § 924(c), which criminalizes the use or possession of a firearm during the commission of a crime of violence. On May 10, 2016, Barrows filed a motion to dismiss several counts based on the theory that Hobbs Act robbery cannot be considered a crime of violence for the purposes of the enhanced sentencing provisions in 18 U.S.C. § 924(c). (ECF No. 182.) The government agrees to dismiss Count Two, but opposes dismissal of the remaining counts. (ECF No. 183 at 4.) Judge Ferenbach issued an R&R recommending the Motion be denied and the government's request to dismiss Count Two be granted. (ECF No. 191.)

Barrows objects to Judge Ferenbach's recommendation. (ECF No. 193.) His objection presents the same arguments as his Motion.

## III.    LEGAL STANDARD

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). In light of Barrows' objection, the Court will engage in a de novo review to determine whether to accept the Magistrate Judge's R&R.

A court reviewing a pretrial motion to dismiss pursuant to Fed.R.Crim.P. 12(b)(2) must presume the truth of the allegations in the charging instruments. *See United States v. Jensen*, 93 F.3d 667, 669 (9th Cir. 1996). The court is "bound by the four corners of the indictment. *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002).

///

///

///

---

[1]18 U.S.C. § 1951 is commonly referred to as the Hobbs Act. It covers robbery, attempted robbery, and conspiracy to commit robbery, as well as extortion, attempted extortion, and conspiracy to commit extortion.

## IV.    DISCUSSION

18 U.S.C. §924(c)(3) lists two ways that a crime may qualify as a crime of violence. Subsection (A), referred to by Barrows as "the force clause," captures any crime that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). Subsection (B), referred to by Barrows as the "residual clause," captures any crime "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B). Barrows argues that neither subsection applies, because robbery can be committed without force and the residual clause is unconstitutionally vague.

After the Supreme Court struck down similar wording as unconstitutionally vague in *Johnson v. United States*, 135 S. Ct. 2551 (2015), the residual clause has been the subject of much debate and conflicting holdings. *Compare United States v. Bell*, No. 15-CR-00258-WHO, 2016 WL 344749, at *13 (N.D. Cal. Jan. 28, 2016) *with United States v. Suggs*, No. 205CR00319RCJPAL1, 2016 WL 3267300, at *1 (D. Nev. June 7, 2016). Because the Court finds in this instance that the force clause applies, it need not reach the question of the residual clause's constitutionality.[2]

### A.    Applying the Categorical Approach to Hobbs Act Robbery

The Court agrees with Barrows that the Court should apply the categorical approach in determining whether Hobbs Act robbery qualifies as a crime of violence. *See United States v. Piccolo*, 441 F.3d 1084, 1086-87 (9th Cir. 2006) ("In the context of crime of violence determinations under section 924(c), our categorical approach applies regardless of whether we review a current or prior crime."). Under the categorical approach, a court looks at the definition of the underlying crime, in this case Hobbs Act robbery, and evaluates whether a defendant "could not have been convicted of an offense outside the guideline definition." *Id* at 1086. (quoting *United States v. Shumate*,

---

[2]The Court therefore does not adopt the portion of the R&R concluding that Hobbs Act robbery also qualifies as a crime of violence via the residual clause.

329 F.3d 1026, 1029 (9th Cir.2003); *see United States v. Sahagun-Gallegos*, 782 F.3d 1094, 1098 (9th Cir. 2015) (applying the three-step-process set forth in *Descamps v. United States*, 133 S. Ct. 2276 (2013) to determine whether a prior conviction qualifies as a "crime of violence" under the Sentencing Guidelines). If the elements of the offense are the same or narrower than the elements of the generic federal offense, then the offense is "a categorical match" and qualifies as a crime of violence. *See Lopez-Valencia v. Lynch*, 798 F.3d 863, 867 (9th Cir. 2015). In other words, the Court must evaluate whether Hobbs Act robbery could be committed without the "use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A).

Barrows argues that Hobbs Act robbery can be accomplished without the use of force for two reasons: first, the Act includes robbery accomplished by threatening injury to intangible property, and second, the Act includes robbery wherein the force or fear is unintentional. (ECF No. 193 at 10-14.) The Court will address each argument in turn.

### 1.    Fear of Injury to Property

Barrows contends that the most innocent way of committing Hobbs Act robbery might involve placing someone in fear of injury to his or her property, which includes intangible property like stocks or contract rights. Therefore, according to Barrows, one could be convicted of Hobbs Act robbery by threatening to "throw[] paint on someone's house, pour[] chocolate syrup on one's passport, or spray paint[] someone's car," which he believes manifestly do not involve using violent physical force. (ECF No. 193 at 11.)

Barrows' hypotheticals aside,[3] his argument misconstrues the statute. To be convicted of Hobbs Act robbery, a defendant must unlawfully take personal property "from the person, or in the presence of another, against his [or her] will, by means of actual or threatened force, or violence, or fear of injury." 18 U.S.C. § 1951(b)(1). As a number of other courts have concluded, the "fear of injury" in the statute is correctly

---

[3]Barrows has not pointed to any convictions of the sort that have been upheld in the Ninth Circuit to show that his hypotheticals are more than mere hyperboles.

understood as fear of injury resulting from the use, or threatened use, of force. *See United States v. Dorsey*, No. CR14-328-CAS, 2016 WL 3381218, at *4 (C.D. Cal. June 8, 2016) (citing *United States v. Pena*, No. 15-CR-551 (AJN), 2016 WL 690746, at *8 (S.D.N.Y. Feb. 11, 2016)). That is, the phrase "fear of injury" must be read in unison with the overlapping phrases that preceded it. Force and violence describe similar conduct. Canons of statutory construction lead the Court to conclude that the third item in the list, "fear of injury," is best understood in a context wherein it shares attributes with the first two. See *Pena* at *8 (quoting *Gustafson v. Alloyd Co.*, 513 U.S. 561, 575 (1995) and *Beecham v. United States*, 511 U.S. 368, 371, (1994)). Therefore, the Court construes "fear of injury" to refer to circumstances wherein violent force is impliedly threatened. This interpretation is supported by the provisions of the statute that require the taking of property to be "from the person or in the presence of another," and the fear of injury be caused in the victim "or anyone in his company at the time of the taking." §18 U.S.C. § 1951(b)(1). This additional wording makes clear that the fear at issue is fear that stems from close proximity to a threat of violence.

Applying this statutory construction to give plain meaning to the statute, the Court finds that Barrows' hypothetical violations of the Hobbs Act, based on his understanding of the "fear of injury" requirement, are unpersuasive. Because he has failed to show a realistic probability that Hobbs Act robbery can be accomplished without the threat of force, this argument is unavailing. *See Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007) (showing that a crime is broader than the crime of violence requirements requires "more than the application of legal imagination to the … statute's language.")

### 2.   Intent and Fear of Injury

Barrows argues that Hobbs Act robbery does not require an intentional threat of force, and that in order to qualify as a crime of violence, any threat must be intentional. This second argument was also addressed in *Dorsey* and *Pena*, and rejected for reasons this Court finds persuasive.

///

Barrows is correct that the Ninth Circuit, and others, have held that crimes of violence require more than reckless or negligent uses of force. *See Fernandez-Ruiz v. Gonzales,* 466 F.3d 1121, 1130 (9th Cir. 2006) ("neither recklessness for gross negligence is a sufficient mens rea to establish that is conviction if for a crime of violence."). He is also correct that the Ninth Circuit, and others, have examined statutes similar to Hobbs Act robbery and determined that they cover activity broader than the force clause because they include reckless or negligent uses of force. In *United States v. Dixon*, 805 F.3d 1193, 1198 (9th Cir. 2015), for example, the Ninth Circuit held that California's robbery statute did not qualify as a crime of violence under a different subsection of § 924 because the California Supreme Court had clearly construed it to include the *unintentional* use of force against another person with the intent to steal.[4]

The Ninth Circuit has not, however, construed Hobbs Act robbery in the same way. In fact, as the Magistrate Judge noted, it ruled in an analogous circumstance that bank robbery by intimidation did qualify as a categorical crime of violence.[5] See *United States v. Selfa*, 918 F.2d 749, 751 (9th Cir. 1990) (bank robbery, as defined in 18 U.S.C. § 2113(a), is a crime of violence for the purposes of the Federal Sentencing Guidelines.). Though it is not binding precedent, the Ninth Circuit also issued an unpublished opinion squarely on point, holding that the force clause in § 924(c)(3)(a) applies to Hobbs Act robbery, making it a crime of violence. *United States v. Howard*, No. 15-10042, 2016 WL

---

[4]The California statute at issue defined robbery as "the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." Cal. Penal Code § 211.

[5]Barrows contends that Hobbs Act robbery "fear of injury element" is the same as the "intimidation" element in federal bank robbery and because federal bank robbery is not a "crime of violence" under *Garcia v. Gonzales,* 455 F.3d 465 (4th Cir. 2006), Hobbs Act robbery similarly cannot qualify as a "crime of violence." (ECF No. 193 at 13-14.) This argument is deeply flawed. The Ninth Circuit has found bank robbery to be a "crime of violence within the meaning of Guideline Section 4B1.1, which is almost identical to 18 U.S.C. § 924(c)(3)(A). *See Selfa*, 918 F.2d at 751; *see also United States v. Wright*, 215 F.3d 1020, 1028 (9th Cir. 2000) (the court considered § 924(c)(3)'s definition of a crime of violence — "a felony that 'has as an element the use, attempted use, or threatened use of physical force against the person or property of another,'" 215 F.3d at 1028 (quoting § 924(c)(3)) — and found that armed bank robbery "qualifies as a crime of violence because one of the elements of the offense is a taking by 'force and violence, or by intimidation.'")

2961978, at *1 (9th Cir. May 23, 2016), as amended (June 24, 2016).[6] *See also United States v. Farmer*, 73 F.3d 836, 842 (8th Cir. 1996) (Hobbs Act robbery has "as an element the use, attempted use, or threatened use of physical force against the person of another.").

Based on these reasons and the additional reasons set out in *Pena*, the Court finds that Barrows has not shown that Hobbs Act robbery, as construed by the Ninth Circuit, may be accomplished by unintentionally placing someone in fear of injury or using force. Therefore, his second line of argument also fails.

## V.   CONCLUSION

It is therefore ordered, adjudged and decreed that the Report and Recommendation of Judge Cam Ferenbach (ECF No. 191) be accepted and adopted in part. The Court adopts the portion of the R&R which concludes that Hobbs Act robbery is a crime of violence as defined by 18 U.S.C. § 924(c)(3)(A). The Court does not adopt the portion of the R&R concluding it also satisfies 18 U.S.C. § 924(c)(3)(B).

It is further ordered that Barrows' Motion to Dismiss (ECF No. 182) is denied.

It is further ordered that the government's request to dismiss Count Two (ECF No. 183) is granted. Count Two of the Third Superseding Indictment (ECF No. 113) is dismissed.

DATED THIS 25th day of July 2016.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[6]Barrows objects to the Magistrate Judge's reliance on *Howard* because it is unpublished. (ECF No. 193 at 3.) While *Howard* has no precedential value, the Court nonetheless finds *Howard* to be persuasive.